IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOSEPH A. NAVARRO, | § § § | |
| *Plaintiff,* | § § | SA-18-CV-00724-FB |
| vs. | § § § | |
| VIA METROPOLITAN TRANSIT, LEO TELLEZ, STEVIE SMITH, | § § § § | |
| *Defendants.* | § § § | |

## ORDER

Before the Court is the above-styled and numbered cause of action, which was referred to the undersigned for all pre-trial proceedings on November 6, 2018 [#15]. This case arises under the Family and Medical Leave Act of 1993 ("the FMLA"), as amended, 29 U.S.C. § 2601 *et seq.* and the Rehabilitation Act of 1973 ("the Rehabilitation Act"), as amended, 29 U.S.C. § 701 *et seq.* Plaintiff Joseph A. Navarro ("Plaintiff") sues Defendants VIA Metropolitan Transit ("VIA"), Leo Tellez, in his official capacity, and Stevie Smith, in his official capacity (collectively, "Defendants"), for interference, discrimination, and retaliation under the FMLA. (Am. Compl. [#9] at ¶¶ 34–35.) Plaintiff also sues VIA for discrimination under the Rehabilitation Act. (*Id.* at ¶¶ 42–43.) Defendants filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on October 12, 2018 [#10]. On January 7, 2019, the parties submitted their proposed scheduling recommendations and filed their Rule 26(f) conference report [#21, #22].

On this day, an initial pre-trial conference was held, at which the parties were represented through counsel, and a scheduling order was issued, setting various case deadlines [#24]. At the hearing, the Court heard arguments on the pending motion to dismiss, which raises issues of the

1

Defendants' potential immunity, and has determined that staying discovery pending the resolution of this motion is appropriate. *See Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 383 (5th Cir. 1987) (affirming stay of discovery pending resolution of immunity issues); *see also* Fed. R. Civ. P. 16(c) (stating that during an initial pre-trial conference, the court should consider and take appropriate action to simplify the case and control and manage discovery); *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 270 (5th Cir. 2006) ("District courts have 'broad discretion in all discovery matters.'") (quoting *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 220 (5th Cir. 2000)). Thus, all discovery deadlines, except for the exchange of initial disclosures required by Rule 26(a)(1), are stayed until the Court has ruled on Defendant's motion to dismiss.

**IT IS THEREFORE ORDERED** that all discovery, except for the exchange of Rule 26(a)(1) initial disclosures required by Rule 26(a)(1), is **STAYED** until the Court resolves Defendant's Motion to Dismiss [#10].

**It IS FURTHER ORDERED** that the parties exchange the information required by Federal Rule of Civil Procedure 26(a)(1) by January 22, 2019.

**IT IS FURTHER ORDERED** that, if the Court denies Defendants' Motion to Dismiss in whole or in part, the parties should confer and either (1) file a joint proposed amended scheduling order or (2) file an advisory indicating to the Court that the parties agree to be bound by the current scheduling order.

**IT IS SO ORDERED.**

SIGNED this 8th day of January, 2019.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE